## Charles Hanke, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,305.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed December 3, 1917.

### Statement of the Case.

Action by Charles Hanke, plaintiff, against the Chicago Railways Company, defendant, to recover for personal injuries received through being struck by a car while driving across defendant's track. From a judgment on the verdict for plaintiff for $2,000 defendant appeals.

ADA M. CARTWRIGHT and THOMAS J. SYMMES, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

WILLIAM MCKINLEY and L. F. BINKLEY, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 142*—*when instruction is erroneous as placing too high a degree of care on motorman to avoid collision with wagon.* In an action against a street railway company to recover for personal injuries through being struck by a car while driving across defendant's track, too high a degree of care is imposed by an instruction, given at plaintiff's request, that if the jury believe from the evidence that the motorman saw "or could

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

have seen by the exercise of ordinary care and caution" that plaintiff, "in the exercise of ordinary care for his safety," was going to reach the crossing before the car, then it was the motorman's duty "to so operate and control said street car that he could stop it and avoid a collision," and that if they find that the motorman did not have such control and the car and the wagon collided by reason thereof and injured plaintiff, they should find defendant guilty.

2. APPEAL AND ERROR, § 1652*—*when erroneous instruction on negligence not cured by correct instruction.* In an action to recover for personal injuries where the duty of plaintiff and defendant towards each other is the vital question in the case, error in giving an instruction at plaintiff's request which required defendant to exercise such care as virtually to make it an insurer is not cured by the fact that an instruction was given at defendant's request which correctly stated the law on the question.

3. STREET RAILROADS, § 142*—*when instruction on right of person crossing track to rely upon motorman avoiding collision is erroneous.* In an action to recover for personal injuries by being struck by a street car in crossing the track at a street crossing, an instruction asked by plaintiff that "the plaintiff as a matter of law had a right to rely upon the duty and ability of the motorman in charge of said street car to so operate and control said street car as to avoid a collision," is objectionable as being misleading and as taking away from the jury the determination of the fact as to whether the motorman was in the exercise of ordinary care in controlling his car, or whether he was guilty of a lack of such ordinary care as to bring about the accident.

4. INSTRUCTIONS, § 126*—*impropriety of abstract instruction.* The giving of an instruction stating an abstract proposition of law, while not reversible error, is not to be commended.

5. INSTRUCTIONS, § 126*—*when abstract instruction is erroneous.* An instruction stating an abstract proposition of law which is not applicable to the facts in evidence should not be given.

6. STREET RAILROADS, § 83*—*mutuality of rights and duties of cars and vehicles at crossings.* The rights and duties of street cars and vehicles at intersecting crossings are correlative.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.